UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DENERICK NELSON, Jr., | No. 2:23-cv-2553 DB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| ANNE MARIE SHUBERT, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. §1983. Before the court is plaintiff's motion to proceed in forma pauperis and plaintiff's complaint for screening. For the reasons set forth below, this court dismisses plaintiff's motions to proceed in forma pauperis and recommends this action be dismissed.

**SCREENING**

**I. Legal Standards**

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). The court must dismiss a complaint or portion thereof if the party has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
3  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6  pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of
7  the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim
8  showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what
9  the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S.
10 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

11   However, in order to survive dismissal for failure to state a claim a complaint must
12 contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
13 factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,
14 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
15 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
16 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
17 doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**II.  Allegations in the Complaint**

Plaintiff is incarcerated at Mule Creek State Prison.  He identifies as defendants District Attorney Anne Marie Shubert, a deputy district attorney, California Attorney General Rob Bonta, numerous assistant attorneys general, and a Sacramento Police Department detective.

Plaintiff complains about the conduct of the attorney defendants in prosecuting Sacramento County Superior Court case no. 19FE017300 against him.  Among other things, plaintiff alleges attorneys filed documents in the superior and appellate courts that, among other things, contained false statements and that they have generally engaged in malicious prosecution. Plaintiff alleges the detective failed to preserve evidence.

////

////

1   Plaintiff states that he is seeking "prospective injunctive relief" and "prospective
2   declaratory relief" in the form of a declaration that defendants have violated his constitutional
3   rights.
4   Plaintiff references a federal habeas petition, case no. 2:23-cv-1438 KJN P, that he filed in
5   this court shortly before he filed this civil rights action. Plaintiff indicates that he fears
6   defendants' violations of his rights will affect the determination of his habeas case.
7   Court records show that plaintiff's 2023 habeas case was dismissed in early 2024 because
8   plaintiff's state court proceedings were pending when it was filed. Nelson v. Covello, 2:23-cv-
9   1438 TLN KJN P (Order and Judgment filed Mar. 12, 2024 (ECF Nos. 30, 31).) Plaintiff is now
10  proceeding on a habeas petition filed here in January 2024. Nelson v. Covello, 2:24-cv-0758
11  KJM AC P (E.D. Cal.) That case is pending.

**III.  Plaintiff Fails to State Claims for Relief under Section 1983**

13  Plaintiff's claims against the attorney defendants should be dismissed. The Supreme
14  Court has held that under section 1983, as at common law, a prosecutor is entitled to absolute
15  immunity with respect to conduct that is "intimately associated with the judicial phase of the
16  criminal process." Imbler v. Pachtman, 424 U.S. 409, 427, 430-431 (1976). Plaintiff's
17  allegations about the attorneys' conduct all relate to their prosecution of plaintiff's criminal case.
18  Accordingly, they are entitled to absolute immunity.
19  With respect to plaintiff's claim that the police detective failed to preserve evidence, that
20  is a claim that should be raised, if at all, in his habeas proceeding. The claim is not appropriate in
21  this civil rights case because, if plaintiff succeeds on it, it could affect the validity of his criminal
22  conviction. In order to seek relief under section 1983 for this claim, plaintiff must demonstrate he
23  has received a "favorable termination" of his criminal conviction through a reversal or similar
24  court action. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).
25  For the foregoing reasons, IT IS HEREBY ORDERED that
26  1. Plaintiff's motions to proceed in forma pauperis (ECF Nos. 2, 6) are dismissed; and
27  2. The Clerk of the Court shall randomly assign a district judge to this case.
28  Further, IT IS RECOMMENDED that this action be dismissed.

3

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 24, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB Prisoner Inbox/Civil Rights/S/nels2553.scrn fr

4